■ In the Matter of the Claim of PATRICK KEANE et al., Respondents. BETHLEHEM STEEL COMPANY (Shipbuilding Division), Appellant; ISADOR LUBIN, as Industrial Commissioner, Respondent.— Motion for permission to appeal to the Court of Appeals granted, without costs. Foster, P. J., Bergan, Coon and Gibson, JJ., concur. [See ante, p. 148.]

■ In the Matter of the Claim of CHARLES LUTZ, Respondent, against MERGENTHALER LINOTYPE Co. et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent. — Appeals from decisions and awards of the Workmen's Compensation Board. In 1908 claimant suffered an injury to his left arm resulting in an ankylosed left elbow. On September 13, 1945 while working for appellant employer he sustained in an industrial accident a fracture of the left elbow and a resulting disturbance of the sensory portion of the ulnar nerve and a group of other disturbances and symptoms of the arm which resulted in June, 1948 in surgical amputation of the left arm at the lower one third of the humerus. An award was made against the appellants and the Special Disability Fund under subdivision 8 of section 15 of the Workmen's Compensation Law in August of 1949. This award has not been contested by the Special Disability Fund. In August, 1950, claimant was accidentally struck by a fellow employee in the stump of the amputated arm and this accident was followed by pain and a group of other symptoms which were treated surgically in September, 1951. The board has found that this was a "temporary aggravation" of the pre-existing permanent condition. There is medical proof to support this finding. The new accident and its consequence, on this record need not necessarily be treated as falling within subdivision 8 of section 15, and charged to the Special Disability Fund. It is a "permanent disability caused by both conditions", i. e., the August, 1950 accident and the previous amputation that would be chargeable to the fund. The condition caused by the 1950 accident was added to a pre-existing permanent condition and was more severe in consequence because of that condition, but it was not, or need not have been found, itself to be a permanent condition. After the operation, in December, 1951, claimant was again bumped accidentally while in a grocery store and there is proof that this bump reactivated the symptomatic process. Ordinarily a person bumped into casually in a grocery store suffers no serious consequence. When the body is weakened or made especially prone to injury by a previous industrial accident, as in the case, for example, of a broken but partially healed leg, and this proneness or susceptibility is a factor in a subsequent nonindustrial accident, the result may properly be chargeable to the original industrial causation. Here it could be charged either to the accident of 1945 or the more immediate and recent aggravating accident of 1950. It was charged to the latter on a sufficient record. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Halpern, Zeller and Gibson, JJ. [See 3 A D 2d 609.]